UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSE ROMERO,

        Petitioner,

                               CASE NO. 2:06-CV-14967
v.                                 HONORABLE BERNARD A. FRIEDMAN

DOUG VASBINDER,

        Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Jose Romero ("Petitioner"), a state prisoner presently confined at the Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 contesting the State's denial of his request for a transfer to a Mexican prison to serve the remainder of his sentence. For the reasons set forth below, the Court denies the petition for writ of habeas corpus and denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## I.    Facts and Procedural History

Petitioner states that he is a Mexican citizen who came to the United States illegally in 1997. He was convicted of conspiracy to deliver or manufacture 1000 or more grams of cocaine and possession of a firearm during a felony in the Ingham County Circuit Court and was sentenced to consecutive terms of 10 to 15 years imprisonment and two years imprisonment on July 21, 2004.

On March 16, 2006, Petitioner requested a transfer to his home country of Mexico to serve the remainder of his sentence.  His request was denied by the Michigan Department of Corrections ("MDOC") on April 5, 2006 due to "serious nature of the offenses" and "the relatively short amount of time" he has served.  On April 16, 2006, Petitioner filed a Step I grievance asserting that the MDOC relied upon illegitimate factors and improperly denied his transfer request.  Prison officials denied the grievance on May 11, 2006 finding that the operating procedures require that the State "be willing to approve the transfer" and that there are "no guidelines barring the State from using the reasons given for the denial of the transfer request."  Petitioner's Step II and Step III grievance appeals were similarly denied.

Petitioner dated the present habeas petition on October 31, 2006.  In his pleadings, he challenges the denial of his transfer request asserting that the MDOC has violated his due process and equal protection rights.

## II.   Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *See Carson v. Burke*,

178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court

concludes that Petitioner has failed to state a claim upon which federal habeas relief may be

granted, such that the petition must be denied.

Petitioner claims that the MDOC has violated his due process and equal protection rights

in denying his request for a transfer to his home country of Mexico to serve the remainder of his

state sentence by relying upon improper factors and not following state procedures.  Petitioner

cites to the United States-Mexico Treaty on the Execution of Penal Sentences ("Treaty"), 28

U.S.T. 7399, the Transfer of Offenders to and from Foreign Countries Act ("Act"), 18 U.S.C. §

4100 *et seq*., and 18 U.S.C. § 3244 (establishing federal district court jurisdiction), as well as

Mich. Comp. L. § 791.265(3), (4) and MDOC Operating Procedure 05.01.140-C.

It is well-established, however, that a state prisoner has no inherent constitutional right to

be housed in a particular correctional facility.  *See Olim v. Wakinekona*, 461 U.S. 238, 244-46

(1983); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995).  While the Treaty and Act provide for

the transfer of a prisoner to his or her home country to serve a criminal sentence, the Treaty

provides that the transferring and receiving countries must both consent to the transfer.  28

U.S.T. 7399, art. IV (2), (3).  The Treaty also provides that if an offender is sentenced by a state

court, the approval of the authorities of that state, and the federal authority, is required.  *Id*. at art.

IV(5).  The Act rests the discretion for such a transfer solely with the Attorney General and does

not set out particularized standards or criteria for such a transfer.  *See Bagguley v. Bush*, 953

F.2d 660, 662 (D.C. Cir. 1991); *Scalise v. Thornburgh*, 891 F.2d 640, 645 (7th Cir. 1989); *see*

*also Marquez-Ramos v. Reno*, 69 F.3d 477, 480-81 (10th Cir. 1995).  The Act does not place

substantive limitations on prison officials' discretion.  Consequently, a prisoner does not have a

3

protected due process right or liberty interest in such a transfer.  *See Bagguley*, 953 F.2d at 662; *Moontri v. Warden, Maine State Prison, et al.*, No. 06-CV-122-SM, 2006 WL 2009072, *2 (D.N.H. July 14, 2006); *see also Ornelas v. E.R. Myers*, 67 F.3d 308, 1995 WL 565191, *1 (9th Cir. 1995).  Petitioner has thus failed to state a claim upon which habeas relief may be granted as to his due process claim.

Further, even if Petitioner's due process rights are implicated in this case, he has not shown that those rights were violated.  Due process generally requires that a state provide notice, an opportunity to be heard, a statement of reasons for the decision, and "some evidence" supporting the decision.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *see also Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).  The pleadings submitted by Petitioner show that he was given all the process he was due.  He was notified of his ability to seek a transfer to Mexico, he requested such a transfer, and he was notified of the reasons for the denial of his request, which included the severity of his crime and time served.  Such factors were permissible considerations.  In fact, the Treaty provides that the parties "shall bear in mind all factors bearing upon the probability that the transfer will contribute to the social rehabilitation of the offender, including the nature and severity of his offense...."  28 U.S.T. 7399, art. IV(4).  Petitioner has failed to establish that his due process rights were violated.

Petitioner's equal protection claim is similarly unavailing.  Petitioner has not met the threshold requirement of showing that he is being treated differently than any person similarly situated to him.  *See Zacher v. Tippy*, 202 F.3d 1039, 1046 (8th Cir. 2000).  Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998).   He has thus failed to state an equal

protection claim.

Lastly, to the extent that Petitioner alleges a violation of Michigan law or MDOC operating procedures, he is not entitled to habeas relief.  It is well-established that habeas relief does not lie for perceived errors of state law.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Further, Petitioner has not shown that prison officials violated Michigan law or MDOC policy.  State law and policy vest prison officials with discretionary authority to approve the transfer of a state prisoner to his or her home country pursuant to a treaty.  *See* Mich. Comp. L. § 791.265(3) ("the governor of this state or a person designated by the governor *may* give the approval of this state to a transfer of an offender...."); Attachment to OP 05-01.140-C ("The prisoner, the transferring country, and the receiving country must all consent to the prisoner's transfer").  Habeas relief is therefore not warranted on such a basis.

## III.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition and that the petition must be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

5

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id*. at 336-37.  When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

For the reasons stated *supra*, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.


___s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

DATED:  November 15, 2006

6